UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUCKLEY OTTO,  :  <br>      Petitioner  :  <br>                            :  <br>    v.                              :      CIVIL NO. 4:CV-04-1774  <br>                            :  <br>                            :      (Judge McClure)  <br>WARDEN, FCI-ALLENWOOD,  :  <br>      Respondent  :  <br>                            :  | |

## **MEMORANDUM AND ORDER**

July 27, 2005

**Background**

      Buckley Otto ("Petitioner"), an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("FCI-Allenwood"), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Service of the petition was previously ordered. Named as Respondent is the Warden at FCI-Allenwood.

      Petitioner was convicted of bank robbery, armed bank robbery, kidnaping during bank robbery, and conspiracy following a jury trial in the United States District Court for the District of Connecticut. On June 30, 1983, Otto was sentenced to a

1

twenty (20) year term of incarceration. He was paroled from federal custody on March 9, 1992. At the time of his release, Petitioner had 3,652 days remaining to be served while under federal parole supervision.

On January 14, 1995, Otto was arrested by law enforcement officials in the State of Connecticut and charged with criminal attempt to commit first degree assault, second degree assault, assault on a police officer, interference with a police officer, first degree reckless endangerment, criminal attempt to possess narcotics, and criminal attempt to possess narcotics within 1,500 feet of a school. See Record document no. 1, Exhibits 3- 4. Based on his arrest, the United States Parole Commission ("Parole Commission") issued a parole violator warrant on February 16, 1995. See id. at Exhibit 5. The warrant was lodged as a detainer with the State of Connecticut on February 23, 1995. See id.

Petitioner was sentenced to a twelve (12) year term of confinement as a result of his Connecticut state conviction. He was granted parole with respect to his state sentence on June 1, 2001 and was transferred into the custody of the Parole Commission pursuant to the aforementioned parole violator warrant. Following a parole revocation hearing, the Parole Commission issued a Notice of Action revoking Otto's parole, disallowing credit for the time he spent on parole, and ordering him to

serve the remainder of his sentence. His current scheduled release date is February 16, 2008.

Otto's present petition claims entitlement to federal habeas corpus relief on the grounds that his sentence has been improperly calculated. Petitioner indicates that he is entitled to additional good time credit ("GTC"), specifically 54 days per year. His petition also maintains that a period of 82 months spent in state custody should be credited towards service of his federal sentence because the imposition of a federal detainer prevented him from making bail on his state charges.

## Discussion

## Good Time Credit

Based on a review of the petition and accompanying exhibits, it appears that Petitioner is claiming that he has not been provided with the correct amount of GTC which he is entitled to under 18 U.S.C. § 3624(b). § 3624(b) provides:[1]

> a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first

---

[1] The BOP's interpretation of this statute appears in Program Statement 5880.28 which states that 54 days of GTC may be earned for each full year served on a sentence in excess of 1 year with the GTC being prorated for the last partial year.

3

> year of the term, subject to determination by the Bureau of Prisons that,
during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

Respondent counters that Petitioner is not entitled to relief with respect to this claim because the Federal Bureau of Prisons ("BOP") correctly computed his sentence. The Respondent notes that Otto is an "old law" inmate and as such the computation of his statutory good time is governed by 18 U.S.C. § 4161 (repealed). Record document no. 6, p. 5. Under § 4161, Otto is entitled to ten (10) days of statutory good time per month.

It is initially noted that it is the BOP, not courts, which determines whether federal inmates should receive good time credits. United States v. Evans, 1 F.3d 654 (7th Cir. 1993). A federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence. Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996).

Otto's underlying federal sentence was imposed by the District of Connecticut on June 30, 1983. Congress adopted § 3624 as part of the Comprehensive Crime Control Act of 1984, "effective Nov. 1, 1987 and applicable only to offenses committed after the taking effect of such repeal." Otto's federal sentence was clearly imposed before the effective date of § 3624. Consequently, despite the fact that it has been repealed, § 4161 is applicable in the present case.

Under § 4161, a federal inmate serving a sentence of ten (10) years or more who demonstrates good behavior was entitled to ten (10) days a month of good time credit. See Fields v. Keohane, 954 F.2d 945, 947 (3d Cir. 1992). The amount of GTC is credited monthly as it is earned. See id.

A sworn declaration submitted by FCI-Allenwood Assistant Inmate Systems Manager Al J. Farley provides that Otto was released "with 3,652 days remaining to be served under the conditions of parole." Record document no. 6, Attachment A, ¶ 8. On or about June 1, 2001, Petitioner reentered federal custody following completion of his Connecticut state sentence. According to Farley's undisputed declaration, Petitioner's parole violation term of 3,652 days was computed as beginning on June 1, 2001. See id. at ¶ 15. Farley adds that pursuant to 28 C.F.R. § 523(b), Otto is being awarded statutory good time "at the rate of the original term of imprisonment." Id. at ¶ 16. Specifically, the ten (10) day per month rate mandated under § 4161. Farley concludes by noting that Petitioner is eligible for a total of 1,200 days of statutory GTC.

Pursuant to the above discussion, it is apparent that Petitioner's assertion that his GTC should be computed according to § 3624 is clearly misplaced. The calculation of Otto's GTC is clearly governed by § 4161. Likewise, there is no basis

for a finding that the BOP has miscalculated the Petitioner's statutory good time with respect to his ongoing federal incarceration.

**<u>Sentence Calculation</u>**

Petitioner's additional argument maintains that because the federal detainer prevented his release on bond, time spent in the custody of the State of Connecticut should be credited towards service of his federal parole violator term. Respondent asserts that this claim is meritless because the period of time Otto spent in state custody was applied towards service of his state sentence and thus, cannot be applied against his federal sentence.

According to the undisputed record, Otto was arrested in Connecticut on January 19, 1995. On February 16, 1995, a federal parole violator warrant was issued. The warrant was placed as a detainer with Connecticut state officials on February 23, 1995. Petitioner's state sentence was imposed on May 20, 1996. Otto completed service of his state sentence on June 1, 2001 and was placed into federal custody. Otto is apparently claiming that because the placement of a federal detainer prevented his release on bail, the period of his state incarceration from the date of his arrest to imposition of his state sentence (January 19, 1995 to May 20, 1996) should be applied towards service of his federal sentence.

6

18 U.S.C. § 3568 provides in relevant part:

> § 3568. Effective date of sentence; credit for time in custody prior to the imposition of sentence.
>
> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

On November 1, 1987, § 3568 was repealed by the Sentencing Reform Act, 18 U.S.C. § 3585, which provides as follows:

> § 3585. Calculation of a term of imprisonment
>
>   (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
>   (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
>     (1) as a result of the offense for which the sentence was imposed; or

>   (2) as a result of any other charge
>       for which the defendant was arrested
>       after the commission of the offense
>       for which the sentence was imposed;
>
> that has not been credited against another sentence.[2]

Based on the above, Otto clearly began serving the remainder of his federal sentence on June 1, 2001. It is equally apparent that Petitioner cannot receive credit against this federal sentence for unrelated periods of incarceration. Furthermore, "credit against a federal sentence attaches only when a federal detainer is the <u>exclusive</u> reason "for an inmate's pretrial confinement." <u>United States v. Blankenship</u>, 733 F.2d 433, 434 (6th Cir. 1984) (emphasis in original). An award of double credit is generally prohibited, in other words, the instant Petitioner may not receive credit on his federal sentence for time that has already been credited against his Connecticut state sentence. <u>See</u> <u>Chambers</u>, 920 F. Supp. at 623. Even time "spent on an unrelated state sentence that has been voided cannot be credited against a federal sentence." <u>Holleman v. United States</u>, 612 F. Supp. 384, 387 (N.D. Ind. 1985) (citations omitted)[3].

---

[2] § 3585 is applicable only to those federal offenses committed <u>after</u> its effective date of November 1, 1987.

[3] It is also noted that a federal district court does not have authority to adjust a federal sentence for that period of time a defendant spent in state custody on a non-related state sentence prior to sentencing by a district court. <u>See</u> United States Sentencing Guidelines § 5G1.3

Unfortunately, the record before this Court does not include any sentence computation records of the State of Connecticut.  Nonetheless, Otto has failed to present any facts which could establish that he would have been eligible for release on bail following his arrest in Connecticut.  It is noted that the federal parole violation warrant was not placed as a detainer with state officials until February 23, 1995.  Thus, the detainer was clearly not the cause of Petitioner's Connecticut state confinement between January 14, 1995 (the date of his arrest) and February 23, 1995.

Furthermore, the fact that Petitioner was imprisoned for a period of approximately five (5) weeks prior to the imposition of the federal detainer clearly undermines his vague, wholly unsupported claim that said detainer prevented his release on bail.   Otto has also failed to make a showing that the period of his Connecticut incarceration from February 23, 1995 to June 1, 2001 was <u>not</u> applied towards service of his state sentence.  It is equally noted that copies of BOP records submitted by the Petitioner himself provide that he was paroled after service of 76 months and 18 days of "an effective 20 years suspended after the service of 12 years, 4 months" state sentence.   Record document no. 1, Exhibit 5.  The above calculation supports a finding that Otto was given credit against his state sentence for all time spent confined following his January 14, 1996 arrest on state charges.

Petitioner has failed to satisfy his burden of establishing that his statutory good time has been miscalculated or that he is entitled to additional credit against his

9

federal sentence for time served in the State of Connecticut.  Since Otto has not presented a viable basis for an award of federal habeas corpus relief, his petition will be denied.[4]  Consequently,

**IT IS THEREFORE ORDERED THAT:**

    1.    The petition for writ of habeas corpus is denied

    2.    The Clerk of Court is directed to close this case.

    3.    Based on the conclusions herein, there is no basis for the issuance of a Certificate of Appealablity.

                      JAMES F. McCLURE, JR.
                      United States District Judge

---

[4] However, if Petitioner can establish that a period of time spent in state custody due to the imposition of the Parole Commission's detainer was not applied towards service of his state sentence, this matter will be reconsidered.  Otto is forewarned that any motion for reconsideration must be submitted within ten (10) days of the date of this Order.