UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUCKLEY OTTO,<br>　　　　　Petitioner | :<br>:<br>: |
| v. | : CIVIL NO. 4:CV-04-1774<br>:<br>: (Judge McClure) |
| WARDEN, FCI-ALLENWOOD,<br>　　　　　Respondent | :<br>:<br>: |

## **MEMORANDUM AND ORDER**

November 16, 2005

**Background**

　　　　Buckley Otto ("Petitioner"), an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("FCI-Allenwood"), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is the Warden at FCI-Allenwood.

　　　　Otto's petition claims entitlement to federal habeas corpus relief on the grounds that his sentence has been improperly calculated. Petitioner indicates that he is entitled to additional good time credit ("GTC"), specifically 54 days per year. His petition also maintains that a period of 82 months spent in state custody should be

1

credited towards service of his federal sentence because the imposition of a federal detainer prevented him from making bail on his state charges.

By Memorandum and Order July 27, 2005, this Court concluded that Otto failed to satisfy his burden of establishing that his statutory good time had been miscalculated or that he was entitled to additional credit against his federal sentence for time served in the State of Connecticut.  Presently pending is Petitioner's motion to alter or amend judgment.  See  Record document no. 21.

**Discussion**

A motion for reconsideration is a device of limited utility.  It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision.  Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension."  See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the

<u>Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." <u>Continental Casualty Co. v. Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Otto's reconsideration motion does not present any facts or arguments which would undermine this Court's prior determination that his federal sentence has been properly calculated and that time spent in state custody should not be credited towards service of his federal sentence.

Since Petitioner's reconsideration motion has failed to establish the presence of any errors of law or fact and does not set forth any newly discovered evidence or precedent, it will be denied. Consequently,

**IT IS THEREFORE ORDERED THAT:**

1. Petitioner's motion to alter or amend judgment (Record document no. 21) is DENIED.

2. The Petitioner's motion to expedite (Record document no. 24) is DENIED as moot.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge